IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| SCOTT'S TRUCKING, LLC, | § | |
| | § | |
| Plaintiff, | § | |
| | § | Civil Action No. 3:20-CV-3042-D |
| VS. | § | |
| | § | |
| NAVISTAR, INC., | § | |
| | § | |
| Defendant. | § | |

MEMORANDUM OPINION
AND ORDER

This is a products liability action that was transferred by the Judicial Panel on Multidistrict Litigation ("JPML") to the Northern District of Illinois under 28 U.S.C. § 1407 and remanded to this court after over four years of consolidated pretrial proceedings. Plaintiff Scott's Trucking, LLC ("Scott's") alleges claims against defendant Navistar, Inc. ("Navistar") related to the quality, characteristics, and performance of seven trucks that Scott's purchased from a Navistar dealer in Seattle, Washington. Navistar now moves to dismiss this action under Fed. R. Civ. P. 12(b)(2), 12(b)(3), 12(b)(5), and 12(b)(6). For the reasons that follow, the court holds that it lacks personal jurisdiction over Navistar, and in its discretion concludes in the interest of justice that the case should be transferred to the Western District of Washington under 28 U.S.C. § 1406(a). The court defers the balance of Navistar's motion for decision as determined by the transferee court.

I

Scott's filed this diversity action[1] against Navistar on August 18, 2016, alleging state-law claims for breach of express warranty, breach of implied warranty, breach of contract, fraud, fraud by nondisclosure, and unconscionability and/or failure of essential purpose as to all warranty disclaimers and limitations of remedies/damages.  On September 9, 2016 the JPML issued a conditional transfer order, transferring the case to the Northern District of Illinois under 28 U.S.C. § 1407.  Following just over four years of consolidated pretrial proceedings, the case was remanded to this court on October 2, 2020.

Shortly thereafter, Navistar filed the instant motion to dismiss under Rules 12(b)(2), 12(b)(3), 12(b)(5), and 12(b)(6).  It maintains that Scott's has failed to serve it; that the court lacks personal jurisdiction over Navistar and that venue is improper; that the fraud allegations of Scott's do not meet the heightened pleading standard of Rule 9(b); and that the express warranty claim of Scott's does not plausibly state a claim on which relief can be granted.

In response, Scott's concedes that it has not served Navistar[2]; requests a reasonable amount of time to accomplish service; requests leave to file an amended complaint that clarifies that it purchased the trucks at issue from a Navistar dealer in Seattle, Washington;

---

[1]In the complaint, Scott's alleges that the parties are completely diverse.  Although Navistar in its motion disputes that its "principal office" is located in Texas, it does not contest that the parties are completely diverse and that the requirements of 28 U.S.C. § 1332 are satisfied.

[2]Scott's contends that its failure to serve Navistar is an inadvertent error on the part of counsel.

- 2 -

and requests that the court transfer this case to the Western District of Washington, which it maintains is the proper venue and would have personal jurisdiction over Navistar based on Navistar's purposeful sale of the trucks at issue through its authorized dealer.

## II

The court will assume *arguendo* that it would grant Scott's additional time to serve Navistar, and that Scott's would effect proper service.[3]  It will therefore first consider whether it can exercise personal jurisdiction over Navistar.

## A

"When a nonresident defendant presents a motion to dismiss for lack of personal jurisdiction, the plaintiff bears the burden of establishing the district court's jurisdiction over the nonresident." *Stuart v. Spademan*, 772 F.2d 1185, 1192 (5th Cir. 1985) (citing *Thompson v. Chrysler Motors Corp.*, 755 F.2d 1162, 1165 (5th Cir. 1985); *D.J. Invs., Inc. v. Metzeler Motorcycle Tire Agent Gregg, Inc.*, 754 F.2d 542, 545 (5th Cir. 1985)).  The determination whether a federal district court has *in personam* jurisdiction over a nonresident defendant is bipartite.  *See Ham v. La Cienega Music Co.*, 4 F.3d 413, 415 (5th Cir. 1993).  The court first decides whether the long-arm statute of the state in which it sits confers personal jurisdiction over the defendant.  If it does, the court then resolves whether the exercise of jurisdiction is

---

[3]This approach is more efficient because it is likely that the court would grant Scott's additional time to serve Navistar, and that Scott's would effect proper service.  It would further delay this case were the court to await the decision it makes today before addressing the question of personal jurisdiction and determining whether the case should be dismissed or transferred based on the absence of such jurisdiction.

consistent with due process under the United States Constitution. *See Mink v. AAAA Dev. LLC*, 190 F.3d 333, 335 (5th Cir. 1999).

Because the Texas long-arm statute extends to the limits of due process, the court need only consider whether exercising jurisdiction over Navistar would be consistent with the Due Process Clause of the Fourteenth Amendment. *See id.*; *Alpine View Co. v. Atlas Copco AB*, 205 F.3d 208, 214 (5th Cir. 2000).

> The Due Process Clause of the Fourteenth Amendment permits the exercise of personal jurisdiction over a nonresident defendant when (1) that defendant has purposefully availed himself of the benefits and protections of the forum state by establishing "minimum contacts" with the forum state; and (2) the exercise of jurisdiction over that defendant does not offend "traditional notions of fair play and substantial justice." To comport with due process, the defendant's conduct in connection with the forum state must be such that he "should reasonably anticipate being haled into court" in the forum state.

*Latshaw v. Johnston*, 167 F.3d 208, 211 (5th Cir. 1999) (footnotes omitted).[4]

A defendant's contacts with the forum may support either specific or general jurisdiction over the defendant. *Mink*, 190 F.3d at 336. "For the court properly to assert specific personal jurisdiction, the defendant must have 'purposefully directed' [its] activities at residents of the forum, and the litigation must result from alleged injuries that 'arise out

---

[4]To determine whether exercising jurisdiction would satisfy traditional notions of fair play and substantial justice, the court examines (1) the defendant's burden, (2) the forum state's interests, (3) the plaintiff's interests in convenient and effective relief, (4) the judicial system's interest in efficient resolution of controversies, and (5) the states' shared interest in furthering fundamental social policies. *Ruston Gas Turbines, Inc. v. Donaldson Co.*, 9 F.3d 415, 421 (5th Cir. 1993).

of or relate to' the defendant's activities directed at the forum." *Archer & White, Inc. v. Tishler*, 2003 WL 22456806, at *2 (N.D. Tex. Oct. 23, 2003) (Fitzwater, J.) (citing *Burger King Corp. v. Rudzewicz*, 471 U.S. 462, 472 (1985)).  "General jurisdiction exists when a defendant's contacts with the forum state are unrelated to the cause of action but are 'continuous and systematic.'" *Mink*, 190 F.3d at 336 (quoting *Wilson v. Belin*, 20 F.3d 644, 647 (5th Cir. 1994)).

The court is deciding Navistar's motion to dismiss without holding an evidentiary hearing.

> When a court rules on a motion to dismiss for lack of personal jurisdiction without holding an evidentiary hearing, it must accept as true the uncontroverted allegations in the complaint and resolve in favor of the plaintiff any factual conflicts posed by the affidavits.  Therefore, in a no-hearing situation, a plaintiff satisfies his burden by presenting a *prima facie* case for personal jurisdiction.

*Latshaw*, 167 F.3d at 211 (footnotes omitted).  Accordingly, the court must decide whether Scott's has made a prima facie showing (1) that Navistar purposefully directed its activities at residents of the forum, and (2) that this litigation results from alleged injuries that arise out of or relate to Navistar's activities directed at the forum.

### B

Scott's concedes in its response that this court cannot exercise general jurisdiction over Navistar and that the actions originally giving rise to its claims did not take place in Texas.  Accordingly, the court holds that Scott's has failed to establish that this court has personal jurisdiction over Navistar.

III

Because Scott's has failed to make a prima facie showing of *in personam* jurisdiction,
the court now decides whether this case should be dismissed or transferred.

A

When a district court lacks personal jurisdiction, it can dismiss the case pursuant to
Rule 12(b)(2). *See Herman v. Cataphora, Inc.*, 730 F.3d 460, 466 (5th Cir. 2013).
Alternatively, if the court determines that transfer is "in the interest of justice," it can transfer
the action to "any district or division in which it could have been brought." *Id.* (citation
omitted) (quoting 28 U.S.C. § 1406(a)). Under § 1406(a), a court can order the transfer
regardless of whether it has personal jurisdiction over the defendants. *Nationwide Bi-Weekly
Admin., Inc. v. Belo Corp.*, 512 F.3d 137, 140 (5th Cir. 2007) (citing *Goldlawr, Inc. v.
Heiman*, 369 U.S. 463, 466 (1962)). Section 1406(a) specifically applies when an action
"lay[s] venue in the wrong division or district." 28 U.S.C. § 1406(a). Accordingly, transfer
is proper when an obstacle prevents prompt adjudication of the case in the district where it
was brought originally. *See Bentz v. Recile*, 778 F.2d 1026, 1028 (5th Cir. 1985) (citing
*Dubin v. United States*, 380 F.2d 813, 815-16 (5th Cir. 1967)). Lack of personal jurisdiction
is one such obstacle. *See id.* Thus § 1406(a) facilitates transfer from a federal court lacking
personal jurisdiction to one possessing it. *See Herman*, 730 F.3d at 466.

District courts have broad discretion in deciding whether to order a transfer. *See In
re Volkswagen of Am., Inc.*, 545 F.3d 304, 311 (5th Cir. 2008) (en banc). In some cases, "the
interests of justice may be best served by requiring the plaintiffs to begin at the beginning in

the proper forum." *Caldwell v. Palmetto State Sav. Bank of S.C.*, 811 F.2d 916, 919 (5th Cir. 1987). In others, "the 'interest of justice' instructs courts to transfer cases to the appropriate judicial district, rather than dismiss them." *Chenevert v. Springer*, 2009 WL 2215115, at *4 (S.D. Tex. July 22, 2009) (citations omitted). The decision to transfer is often made to prevent waste of time, energy, and money and to protect litigants, witnesses, and the public against unnecessary inconvenience and expense. *See, e.g., Mex. Foods, LLC v. Mi Rancho Meat Mkt.*, 2015 WL 891666, at *1 (N.D. Tex. Mar. 3, 2015) (Fitzwater, J.). Courts generally prefer transfer to dismissal. *Wolf Network, LLC v. AML Diagnostics, Inc.*, 2016 WL 1357742, at *3 (N.D. Tex. Apr. 5, 2016) (Boyle, J.) (citing *Scott v. U.S. Army*, 2008 WL 3914835, at *1 (W.D. Tex. June 30, 2008)) (noting trend favoring transfer over dismissal).

B

Scott's maintains that Navistar is subject to specific personal jurisdiction in Washington, where it purposefully sold trucks through its Seattle-based authorized dealer, and that the events giving rise to the claims of Scott's occurred in Washington. Navistar does not dispute that it is subject to specific personal jurisdiction in Washington or that Scott's could have filed this action in the Western District of Washington. It instead argues that the court should decline to transfer the case because the claims of Scott's will be time-barred under Washington law,[5] and that transferring the case would prejudice Navistar because it

---

[5]Navistar contends that, although Washington law provides for the tolling of limitations when a party initiates a lawsuit, if a complaint is filed before limitations expire but the defendant is not served within 90 days, limitations are *not* tolled, even if a defendant voluntarily appears in the case. Navistar maintains that, in this case, because Scott's did not

will have to expend resources in Washington to defend against a futile claim.

The court concludes that this case should be transferred rather than dismissed. It is undisputed that the events giving rise to the claims of Scott's occurred in Washington. The Washington court can also exercise personal jurisdiction over Navistar. *See Burger King*, 471 U.S. at 472. A transfer saves both the parties and courts time and money. And Washington is a proper venue for this lawsuit. *See* 28 U.S.C. § 1391(b)(1)-(3) (stating that venue is proper in judicial district where (1) defendants reside, (2) a substantial part of the events giving rise to the claim occurred, or (3) a court can exercise personal jurisdiction). To the extent that Navistar argues that a transfer would be futile and would cause it prejudice, the court holds that the transferee court should be permitted to address in the first instance Navistar's arguments in this respect (i.e., the request of Scott's for additional time to serve Navistar and whether the claims of Scott's are barred by limitations), and whether Scott's has stated a claim on which relief can be granted.

\*   \*   \*

Accordingly, the court holds that it lacks *in personam* jurisdiction, and in its discretion concludes in the interest of justice that this lawsuit should be transferred to the Western District of Washington under 28 U.S.C. § 1406(a). The court defers the balance of the

---

serve Navistar within the 90 days required by Washington law, "if the Court gives Plaintiff more time to serve Navistar and transfers the case to the Western District of Washington, Plaintiff's claims would be barred by Washington's statute of limitations." D. Reply 4-5. The court leaves to the transferee court the determination of this issue, which relates primarily to the merits of the claims of Scott's.

Navistar's motion for decision as determined by the transferee court.

**SO ORDERED**.

December 21, 2020.

SIDNEY A. FITZWATER
SENIOR JUDGE